[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION AS TO DEFENDANT'S MOTION TO DISMISS
This action stems from the alleged breach of an agreement for professional consulting and accounting services between the plaintiff, Joseph I. Lozada, and the defendants, Jorge A. Amador and the Connecticut Small Business Development Center (CSBDC).
The following facts are alleged by the plaintiff in his five count complaint. The plaintiff intended to open a convenience store and required a business plan to obtain the necessary financing. To that end, in January, 1994, the defendant Amador agreed to develop the business plan for the plaintiff by March, 1994. The defendant Amador suggested that the plaintiff could save money "on accounting fees if they worked through the defendant Connecticut Small Business Development Center and Community Accounting Aid and Services, Inc., located at the Masters of Business Administration program and the University of Connecticut in West Hartford." (Plaintiff's complaint, count 1, para. 6.)
The CSBDC provided the plaintiff with two pamphlets stating that the plaintiff "would be able, free of charge, to have a `staff of full time professional business consultants, as well as the CSBDC network of University of Connecticut faculty and members of the business community' . . . prepare certain financial documentation required in order for the Plaintiff to obtain financing for his new venture." (Plaintiff's complaint, count 1, para. 9.)
The defendant Amador did not submit the business plan until July, 1994. That plan was poorly written and unacceptable. Because the CSBDC's representatives were unable CT Page 10707 to complete the plan, the plaintiff prepared another one. As a result of the four-month delay, the investors in his proposed convenience store "lost interest and confidence" and it became "unclear whether the space [for the convenience store] will still be allotted to [the] plaintiff." The plaintiff now sues the defendants for breach of contract, negligence, negligent infliction of emotional distress, damage to his reputation and violations of the Connecticut Unfair Trade practices Act, General Statutes § 42-110b, et seq.
On May 4, 1995, CSBDC filed a motion to dismiss. In its motion, CSBDC seeks to dismiss all counts against it on the grounds that the doctrine of sovereign immunity deprives this court of subject matter jurisdiction. Additionally, CSBDC argues that the plaintiff has failed to exhaust all available administrative remedies because he failed to file a claim with the state claims commissioner pursuant to General Statutes §4-141, et seq. In conjunction with its motion, CSBDC has submitted two affidavits containing the following statement of John P. O'Connor, the State Director for CSBDC. As the State Director, he reports to the Provost and Vice President of the University of Connecticut through the Associate provost. (O'Connor Affidavit dated June 16, 1995, ¶ 5.) "CSBDC is a University of Connecticut program, funded by State, federal and private funds which provides free business advice and counseling to persons engaged in or starting a small business." (O'Connor Affidavit dated April 25, 1995, ¶ 4.) "The Small Business Administration provides the federal funding and this funding is matched by the State. In the case of the CSBDC, the matching share is provided by the University of Connecticut as well as the private sector and a few other educational institutions." (O'Connor Affidavit dated June 16, 1995, ¶ 8.) The fifteen full-time employees at CSBDC are University of Connecticut employees who are on the University of Connecticut payroll. (O'Connor Affidavit dated June 16, 1995, ¶ 9.) In addition, the "University of Connecticut is solely responsible for the day-to-day operation and management of . . . CSBDC." (O'Connor Affidavit dated June 16, 1995, ¶ 10.) CSBDC hires independent contractors, such as the defendant Jorge Amador, who are not employees of CSBDC. (O'Connor Affidavit dated April 25, 1995, ¶ 6.) CSBDC claims that these facts demonstrate it is an arm of the state protected by the doctrine of sovereign immunity.
Additionally, CSBDC submitted the affidavit of Elizabeth CT Page 10708 Sullivan, Chief Clerk/Legal Research Assistant for the State of Connecticut Office of the Claims Commissioner. In her affidavit, Sullivan attests that as of April 20, 1995, the plaintiff had not filed a claim with the Claims Commissioner.
On June 13, 1995, the plaintiff filed a memorandum of law in opposition to the motion to dismiss. The plaintiff asserts that CSBDC is not an arm of the state. It follows, according to the plaintiff, that CSBDC is not entitled to the protection of the doctrine of sovereign immunity and that the plaintiff is not required to file his claims with the Claims commissioner. However, the plaintiff filed no affidavits or other documentary evidence in support of its position.
"Practice Book 143 permits a party to move for dismissal of an action on the basis of subject matter jurisdiction. A motion to dismiss is the appropriate procedural vehicle to raise a claim that sovereign immunity bars that action."Sagamore Group, Inc. v. Commissioner of Transportation,29 Conn. App. 292, 298, 614 A.2d 1255 (1992). A motion to dismiss admits all well pleaded facts. Barde v. Board ofTrustees, 207 Conn. 59, 62, 539 A.2d 1000 (1988). "Where . . . the motion is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of the jurisdictional issue and need not conclusively presume the validity of the allegations of the complaint." (Citations omitted; footnote omitted.) Id.
In Dolnack v. Metro-North Commuter Railroad Co., 33 Conn. App. 832
our Appellate Court stated that to determine whether an entity is entitled to claim the protection of the doctrine of sovereign immunity, the trial court must "assess whether the action is in effect, against the state, or whether the entity asserting sovereign immunity is an arm of the state to the extent that the interests or rights of the state are directly affected, or whether the state has a pecuniary interest or substantive right to protect." (Footnote omitted.) Id., 836. The court listed the following considerations that must be examined by a trial court faced with determining whether sovereign immunity is applicable to a particular entity:
 whether the entity was created by the state and to whose control the entity is subject, an analysis of the issues involved and the relief sought, whether CT Page 10709 the state itself has a pecuniary interest or a substantive right in need of protection, whether the governmental body functions statewide, does the state's work, was created by the state legislature and is subject to local control, and to what extent the entity depends financially on state coffers, and whether the instrumentality was created as a state agency and empowered to accomplish a public purpose. Some other considerations are the character of power delegated to the governmental body by a legislative enactment, the relation of the entity to the state, whether the entity is a public corporation separate from the state, and whether the instrumentality uses state owned land or owns the land independently.
(Footnote omitted.) Id., 836-37.
In the opinion of the court, the information submitted by the CSBDC in its affidavits and memorandum of law meets the criteria set forth in the Dolnack case and leads to the conclusion that the CSBDC is a University of Connecticut program; that a claim against the CSBDC is a claim against the University of Connecticut and that a suit against the University is to be treated as a suit against the state.Fetterman v. University of Connecticut, 192 Conn. 539, 552. No indication that the state has in any way waived its sovereign immunity having been presented, the doctrine of sovereign immunity applies.
The state has provided an administrative remedy, a tribunal, the Claims Commissioner, for adjudication of claims against the state where monetary relief is sought, Conn. Gen. Stat. § 4-141, etc. The Commissioner has the power to waive sovereign immunity by authorizing suit in cases such as this. Conn. Gen. Stat. § 4-160(a). The plaintiff has failed to file a claim with the Claims Commissioner.
The motion of defendant, CSBDC, to dismiss the entire complaint against it is granted.
Hale, Judge Referee CT Page 10710